DATE FILED: June 3, 2016 11:20 AM

| DISTRICT COURT, COUNTY OF EL PASO, COLORADO<br>P.O. Box 2980<br>270 S. Tejon Street<br>Colorado Springs, CO 80903<br>Phone: (719) 452-5000 | |
|---|---|
| Christopher Halvorsen,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**Tutor-Perini Corporation,**<br>a Massachusetts corporation and its subsidiary<br><br>**Perini Management Services, Inc.**<br>a Massachusetts corporation,<br><br>　　　　　**Defendants.** | Case Number:<br><br>Division: |
| Donna Dell'Olio  # 10887<br>CORNISH & DELL'OLIO, P.C.<br>431 N. Cascade Avenue<br>Colorado Springs, CO 80903<br>Phone: (719) 475-1204<br>Fax:    (719) 475-1264 | |
| **COMPLAINT** | |

COMES NOW, Plaintiff, Christopher Halvorsen and for his Complaint against the Defendants, states as follows:

### Introduction

1. This is an action for damages due to wrongful termination of employment in violation of public policy.

### Jurisdiction

2. Jurisdiction is conferred by Article VI, Section 9 of the Colorado Constitution.

1                    **EXHIBIT B**

## Parties

3.  Christopher Halvorsen is a natural person who resides in El Paso County, Colorado.

4.  Christopher Halvorsen is a 33 year old Air Force veteran with eleven years of active duty military service. He was medically separated and honorably discharged from the Air Force on January 31, 2015.

5.  Perini Management Services, Inc. is a Massachusetts Corporation and is a subsidiary of Tutor-Perini Corporation which is also a Massachusetts Corporation.

6.  Tutor Perini Corporation is authorized to do business in the State of Colorado and is in good standing with the Colorado Secretary of State.

7.  Tutor-Perini Corporation's principal place of business is located at 15901 Olden Street, Sylmar, California.

8.  Perini Management Services, Inc.'s principal place of business is located at 73 Mt Wayte Avenue, Framingham, Massachusetts.

9.  Upon information, Perini Management Services, Inc. is a federal contractor which is doing business in the State of Colorado by contracting to provide construction and other services to the United States federal government at Schriever Air Force Base in Colorado Springs, Colorado.

10. Upon information, Perini Management Services, Inc. is a subsidiary of Tutor-Perini Corporation which employs individuals to work on Tutor-Perini construction projects.

## General Allegations

11. Paragraphs 1 through 10 are incorporated herein by reference.

12. During times relevant to the Complaint Tutor-Perini Corporation employed the Plaintiff as a Security Escort.

13. Alternative to paragraph 12, during times relevant to the Complaint Perini Management Services, Inc. employed the Plaintiff as a Security Escort.

14. Defendant, Tutor-Perini Corporation, contracts to support the United States Air Force and/or other United States federal government entities with base operating and logistical support on an as-needed basis.

15. At the time this Complaint is filed Tutor Perini Corporation is contracted to control access to active construction sites at Schriever Air Force Base in Colorado Springs, Colorado.

16. Christopher Halvorsen was hired by Tutor-Perini and/or Perini Management Services, Inc. on February 29, 2016 as a Security Escort for a project site at Schriever Air Force Base.

17. The duties of a Security Escort included monitoring and supervision of vehicles and individuals entering a Restricted Area of the Air Force base.

18. Mr. Halvorsen's duties included meeting construction vehicles at a gate, visual inspection of vehicles and communicating with drivers of vehicles to insure that all vehicles and drivers were compliant with laws and regulations controlling access to a Restricted Area of a United States Air Force base.

19. Mr. Halvorsen possesses a Secret security clearance issued by the United States government.

20.     Other than brief safety training, Mr. Halvorsen's on-the-job training was conducted by his supervisor, Samantha Nourse.

21.     His training consisted of 3½ to 4 hours of on-the-job training by Ms. Nourse during which she showed him how to escort vehicles on to Schriever Air Force Base and to a Restricted area which is a construction site.

22.     Ms. Nourse instructed Mr. Halvorsen with respect to the procedure to follow with vehicle drivers who possessed cell phones.  He observed her instruct drivers who were bringing vehicles into the Restricted area that they should turn off their cell phones and keep their cell phones in their pocket.

23.     During his training Ms. Nourse instructed a driver, in Mr. Halvorsen's presence, to turn his cell phone off and put it in his pocket.  She also told the driver that the security guards at the portal would search the vehicle and not search the driver.

24.     During his training Ms. Nourse told Mr. Halvorsen to lower his voice when she heard him instructing a different driver to turn off his cell phone as part of the escort procedure.

25.     On Friday, March 4, 2016 Mr. Halvorsen, working independently of Ms. Nourse, observed an incident where a security guard discovered a cell phone in a vehicle which was being escorted by a different company.  Mr. Halvorsen heard the security guard instruct the driver that he could not bring the cell phone into the Restricted area and the driver left the cell phone outside the gate.

26.     Toward the end of the shift on March 4, 2016 Mr. Halvorsen entered Ms. Nourse's office with the intention of discussing the security breech.

4

27. Mr. Halvorsen was calm until Ms. Nourse dismissed his complaint.

28. He stated to her in an upset manner that he was going to speak to the Base security personnel and that he would not engage in illegal activity.

29. She stated to him that he belonged to Perini now not the Air Force.

30. Mr. Halvorsen was directed by Ms. Nourse to go outside and cool off. Mr. Halvorsen returned to the office after approximately 30 minutes and finished the conversation.

31. Both Mr. Halvorsen and Ms. Nourse raised their voices during the meeting on March 4, 2016. Mr. Halvorsen did not use any vulgarity. The harshest thing he said to Ms. Nourse was that she was not a good leader.

32. When Mr. Halvorsen left work on Friday he was scheduled to return to work on Monday, March 7, 2016.

33. On Saturday March 5, 2015 Mr. Halvorsen went to Schriever's north gate and made an official statement (form 1168) concerning the security breech.

34. Mr. Halvorsen reported Ms. Nourse's activities to 50th Security Forces Investigations because he was concerned for Base security and because he was unwilling to jeopardize his own security clearance.

35. On Sunday, March 6, 2016 Mr. Halvorsen was notified by text message from Samantha Nourse that she was giving him Monday and Tuesday off from work.

36. On March 9, 2016 he was instructed to meet with her on March 10, 2016. When he arrived for the meeting a coworker, Dave, delivered his check and told him they were letting him go.

5

37. Dave told Mr. Halvorsen that Perini was trying out different escort options.

38. Federal law prohibits those who hold a security clearance from deliberately providing false or misleading information to a security official or other government representative. See e.g. DoD Directive 5220.6 Adjudicative Guidelines for Determining Eligibility for Access to Classified Information, Guideline E, Personal Conduct.

39. Ms. Nourse's actions which were witnessed by Mr. Halvorsen were designed and intended to mislead base Security Personnel concerning the fact that drivers entering a Restricted area were carrying cell phones.

40. Mr. Halvorsen's participation in Ms. Nourse's efforts to evade base security rules would have jeopardized his Secret security clearance.

41. Contractor personnel are required report to an appropriate authority any information or circumstances of which they are aware which may pose a threat to the security of DoD personnel, contractor personnel or classified or unclassified defense information. See, AFI 71-101, Volume-1, *Criminal Investigations,* and Volume-2 *Protective Service Matters.*

42. The State of Colorado has a public policy of supporting the enforcement of federal law particularly where the statute, regulation or rule has been enacted or adopted to protect national security.

43. Mr. Halvorsen's employment was terminated because he exercised a right or performed a duty protected by federal law, specifically reporting circumstances which may pose a threat to the security of contractor personnel or classified or unclassified defense information.

6

## First Claim for Relief—Wrongful Discharge in Violation of Public Policy

44. Plaintiff incorporates herein all prior and subsequent paragraphs in this Complaint.

45. Plaintiff performed a public duty or exercised an important job-related right or privilege when he complained to his supervisor that conduct engaged in by her was illegal.

46. Plaintiff performed a public duty or exercised an important job-related right or privilege when he reported Ms. Nourse's actions to 50th Security Forces Investigations.

47. Ms. Nourse, acting within the course and scope of her employment with Defendant, retaliated against Mr. Halvorsen for engaging in protected activity by terminating his employment.

48. Plaintiff suffered damages as the result of Defendant's conduct.

## Relief Requested

Plaintiff requests the following relief:

a. Nominal damages;

b. Economic and compensatory damages;

c. Consequential damages;

d. Costs;

e. Pre- and post-judgment interest at the highest rate allowed by law; and

f. All other legal or equitable relief to which Plaintiff is entitled.

## Jury Demand

**Plaintiff requests this matter be tried by a jury.**

Respectfully submitted this 3rd day of June, 2016.

          CORNISH & DELL'OLIO, P.C.

          s/Donna Dell'Olio
          Donna Dell'Olio #10887
          Cornish & Dell'Olio, P.C.
          431 N. Cascade Ave. Suite 1
          Colorado Springs, CO 80903
          Telephone: 719-475-1204
          FAX: 719-475-1264
          ddellolio@cornishanddellolio.com
          Attorneys for the Plaintiff

Plaintiff's Address:
11545 Allendale Drive
Falcon, CO 80831